UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| ST. PATRICK CATHOLIC CHURCH ) | | |
| Plaintiff ) | | |
| ) | | |
| v. ) | Case No. | |
| ) | | |
| UNITED STATES OF AMERICA, ) | | |
| Respondent ) | | |

## COMPLAINT

### Introduction

1. This cause of action is a wrongful levy action brought pursuant to 26 U.S.C. §7426(a)(1). The Plaintiff, Saint Patrick Catholic Church ("St. Patrick Church"), seeks return of the property wrongfully seized by the Internal Revenue Service ("IRS") pursuant to Notices of Levy dated August 24, 2021, and February 22, 2022.

### Parties

2. The Plaintiff is St. Patrick Church, a non-profit corporation, which is located at 2068 Cranston Street, Cranston, Rhode Island 02920.

3. Defendant is the United States of America, through the Department of the Treasury, Internal Revenue Service.

### Jurisdiction

4. This cause of action is a wrongful levy action against the United States of America pursuant to 26 U.S.C. §7426(a)(1).

5. Jurisdiction is vested in this court based upon 28 U.S.C.§1346(e).

**Venue**

6. Venue in this Court is proper pursuant to 28 U.S.C.§1402(c).

**Facts**

7. St. Patrick Church is a Rhode Island Non-Profit Corporation which was formed in 2000. It provides worship services in the Catholic tradition.

8. As of the filing date of this complaint, St. Patrick Church does not currently have any outstanding federal tax liabilities due for any year of operation.

9. St. Patrick Church did not have any outstanding federal tax liabilities during calendar year 2021 or calendar year 2022.

10. On September 14, 2021, St. Patrick Church received a letter from National Financial Services LLC, Fidelity Investments ("Fidelity Investments") notifying it that the IRS issued a Notice of Levy on Plaintiff's bank account at Fidelity Investments. A copy of the Notice of Levy was attached to the letter from Fidelity Investments.

11. At all relevant times, Fidelity Investments corporate headquarters was located in Boston, MA.

12. The Notice of Levy (hereafter the "Fidelity Levy") issued by Revenue Officer Patricia Maguire, on behalf of the IRS was dated August 24, 2021. St. Patrick Church was listed as the Nominee and/or Transferee of Roger H. Durand II ("Roger Durand"). The Fidelity Levy attached to "all funds in the account in excess of $591,604.19." A redacted copy of the Fidelity Levy is attached as Exhibit A.

13. The Fidelity Levy stated that Roger Durand II owed outstanding federal income taxes due in the amount of $666,040.54 as of September 23, 2021.

14. At all relevant times, Roger Durand was the Pastor at St. Patrick Church and received no compensation from St. Patrick Church for his services to the church.

15. St. Patrick Church did not receive a copy of the Fidelity Levy dated August 24, 2021, directly from the IRS.

16. The Plaintiff's first notice of the Fidelity Levy was through the letter from Fidelity Investments dated September 14, 2021.

17. The IRS did not file a Notice of Federal Tax Lien listing St. Patrick Church as a nominee/transferee of Roger Durand before or after the Fidelity Levy dated August 24, 2021.

18. Prior to Fidelity's transfer of the Plaintiff's funds to the IRS, the Plaintiff through its attorney contacted the IRS on September 27, 2021, to request a release of the Fidelity Levy.

19. The Plaintiff's request to release the Fidelity Levy was denied by the IRS.

20. As a result of the IRS's refusal to release the Fidelity Levy, $92,853.00 of St. Patrick Church's money was withdrawn from St. Patrick Church's Fidelity Account and seized by the IRS. The funds remitted pursuant to the Fidelity Levy were used to reduce the federal income tax balance owed by Roger Durand.

21. On August 24, 2021, the IRS issued a separate Notice of Levy to Robert W. Landry for a federal income tax balance owed by Roger Durand ("Landry Levy"). The Landry Levy purported to attach to all rights to property and payments due to Roger H. Durand or any other party designated by Roger H. Durand under a Promissory Note dated March 1, 2016 ("Promissory Note"). A redacted copy of the Landry Levy is attached as Exhibit B.

22. On or about March 1, 2016, Roger Durand sold his interest in an insurance agency known as The Durand Agency, Inc. to Robert W. Landry, an unrelated third party. Robert W. Landry

issued a Promissory Note payable to Roger Durand in the amount of $650,000.00 as payment for the purchase price.

23. On January 17, 2018, Roger Durand assigned all of his right, title and interest in the Promissory Note to the Brotherhood of St. Joseph as an absolute and unconditional gift. At all relevant times, the Brotherhood of St. Joseph was located at 2 Eugene Brown Drive, New Paltz, New York 12561.

24. On November 26, 2018, the Brotherhood of St. Joseph assigned all of its right, title and interest in the Promissory Note to St. Patrick Church as an absolute and unconditional gift.

25. St. Patrick Church learned of the Landry Levy through correspondence between Roger Durand and Robert Landry. The IRS did not at any time notify the Plaintiff of its intention to levy the Plaintiff's property, i.e., the Promissory Note.

26. As of August 24, 2021, the Promissory Note was not property or rights to property belonging to Roger Durand.

27. St. Patrick Church disputed that funds from the Promissory Note were subject to the Landry Levy as the Promissory Note was neither owned nor gifted to it by Roger Durand. As a result of this dispute, no funds were transferred to the IRS by Robert Landry pursuant to the Landry Levy.

28. Between August 2021 and December 2021, Robert W. Landry negotiated the sale of The Durand Agency, Inc. to another unrelated third-party purchaser. Robert W. Landry's sale of his ownership of The Durand Agency, Inc. triggered full payment of the remaining balance due under the Promissory Note to the Plaintiff.

29. In order to assist with the sale of The Durand Agency, Inc., Robert Landry engaged the law firm Morrison Mahoney LLP, located in Boston, MA, for the sale transaction.

30. In December 2021, David Bakst, Esq. of Morrison Mahoney LLP requested further information from St. Patrick Church regarding its position regarding the Landry Levy. While the matter was pending, Morrison Mahony LLP held all proceeds from the sale payable to Plaintiff pursuant to the Promissory Note in its escrow account.

31. The Plaintiff and Revenue Officer Patricia Maguire from the IRS were notified by David Bakst, Esq. of the disputed ownership and that the funds for payment of the Promissory Note were being held in the Morrison Mahoney LLP escrow account.

32. It was determined that prior to the initial assignment of the Promissory Note on January 17, 2018, Roger Durand had outstanding federal income taxes due for tax year 2013 in the amount of $180.28 and $4,073.45 for tax year 2015. The total outstanding federal income tax due for Roger Durand on January 18, 2018, was $4,253.73. Therefore, a federal tax lien existed on the Promissory Note when it was assigned to the Brotherhood of St. Joseph and subsequently to the Plaintiff for only these amounts which would be subject to the Landry Levy.

33. David Bakst, Esq. notified Revenue Officer Patricia Maguire of the above determination. Revenue Officer Maguire, on behalf of the IRS, agreed that at the time of the initial and subsequent assignments of the Promissory Note, the federal tax lien was limited to the $4,253.71 due at the time of the transfer of the Promissory Note.

34. In contradiction to the agreed upon determination, on February 22, 2022, the IRS through Revenue Officer Patricia Maguire issued a Notice of Levy to Morrison Mahoney LLP ("Morrison Levy") with St. Patrick Church listed as the nominee and/or transferee of Roger H. Durand II. The Morrison Levy was issued for the total unpaid federal income tax balances then owed by Roger Durand. A copy of the Morrison Levy is attached as Exhibit C.

35. The Morrison Levy purported to attach to "all the proceeds from the sale of the Durand Agency Inc that are being held in escrow in your clients account."

36. The Morrison Levy stated that Roger Durand II had outstanding personal income tax due in the amount of $578,025.43 as of March 24, 2022.

37. Morrison Mahoney remitted the funds being held in its escrow account in the amount of $495,151.85 to the IRS pursuant to the Morrison Levy. Those funds were the proceeds of the sale of The Durand Agency, Inc. and were the balance owed on the Promissory Note due to the Plaintiff. The levied funds were used by the IRS to reduce the federal income tax balances owed by Roger Durand.

38. The Plaintiff is not now and never has been a nominee or transferee of Roger Durand. It is not responsible for unpaid federal income taxes of Roger Durand.

39. The IRS did not file Notices of Federal Tax Lien for St. Patrick Church as a nominee/transferee of Roger Durand. The failure of the IRS to file Notices of Federal Tax Lien denied the Plaintiff the right to appeal to the IRS the encumbrance of its property by the IRS.

40. The IRS did not provide the Plaintiff with any prior Notice of Intent to Levy Plaintiff's property which prevented the Plaintiff from exercising any appeal rights prior to the seizure of the Plaintiff's property.

41. The Fidelity Levy and the Morrison Levy have caused harm to the Plaintiff.

42. The Plaintiff has no adequate remedy at law to repair the harm to its ongoing finances if the funds, i.e., all the funds wrongfully levied by the IRS pursuant to the Fidelity Levy and Morrison Levy, are not immediately returned to the Plaintiff.

## Count 1

**Wrongful Levy pursuant to IRC §7426 for $92,853.00 from St. Patrick Church's National Financial Services LLC Account (Fidelity Levy)**

43. The foregoing paragraphs are re-alleged and incorporated by reference herein.

44. The Defendant issued a levy on the Plaintiff's property in its Fidelity Account.

45. The funds in the Fidelity account that the IRS levied belonged only to the Plaintiff and Plaintiff is the rightful owner of the funds.

46. The Defendant wrongfully levied upon property of the Plaintiff, to wit, $92,853.00 from the Plaintiff's Fidelity Account.

WHEREFORE, the Plaintiff prays that this Honorable Court grant the following relief:

47. Enter a judgment ordering the Defendant to return to the Plaintiff the wrongfully levied funds from the Fidelity Levy in the amount of $92,853.00 with interest from the date of seizure as provided in 26 U.S.C. §7426(b)(2)(B) and §7426(g)(1).

48. Award the Plaintiff's attorney's fees and costs pursuant to §7426(h).

49. Award Plaintiff such other and further relief as the Court deems proper.

## Count 2

**Wrongful Levy pursuant to IRC §7426 for $487,651.15 from St. Patrick Church's Promissory Note (Morrison Levy)**

50. The foregoing paragraphs are re-alleged and incorporated by reference herein.

51. The Plaintiff received an assignment of the Promissory Note as an absolute and unconditional gift from the Brotherhood of St. Joseph on November 26, 2018.

52. At the time the Promissory Note was assigned to Plaintiff, a federal tax lien existed on the property only in the amounts of $180.28 for tax year 2013 and $4,073.45 for 2015, for a total amount of $4,253.73.

53. The Defendant issued a Notice of Levy on the Plaintiff's property being held in the escrow account at Morrison Mahoney LLP.

54. Plaintiff is the rightful owner of all funds due to it under the Promissory Note other than the $4,253.73 upon which a federal tax lien existed at the time of the transfer of the Promissory Note to Plaintiff.

55. The Defendant wrongfully levied upon property of the Plaintiff, to wit, $487,651.15 of proceeds from the sale of The Durand Agency, Inc. legally due and payable to Plaintiff pursuant to the terms of the Promissory Note.

WHEREFORE, the Plaintiff prays that this Honorable Court grant the following relief:

56. Enter a judgment ordering Defendant to return to the Plaintiff the wrongfully levied funds from the Morrison Levy in the amount of $487,651.15 with interest from the date of seizure as provided in 26 U.S.C. §7426(b)(2)(B) and §7426(g)(1).

57. Award the Plaintiff's attorney's fees and costs pursuant to §7426(h).

58. Award Plaintiff such other and further relief as the Court deems proper.

## Jury Demand

59. Plaintiff requests trial by jury on all claims so triable.

                                      Respectfully submitted,

                                      St. Patrick Catholic Church
                                      By its Attorney,

                                      _____
                                      Thomas P. Quinn (BBO #563469)
                                      McLaughlinQuinn LLC
                                      148 West River Street, Suite 1E
                                      Providence, RI 02904
                                      Tel. (401) 421-5115
                                      Fax. (401) 421-5141
                                      Email: tquinn@mclaughlinquinn.com

Dated: August 11, 2023